UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK BRENNEN; CHRISTINA BRENNEN,

                Plaintiffs,

-against-

DESMARIE GRIFFIN,

                Defendant.

25-CV-3464 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiffs Mark Brennan ("Mark") and Christina Brennan ("Christina"), proceeding *pro se,* filed a complaint, unsigned order to show cause for a preliminary injunction and temporary restraining order, and two letters seeking an emergency injunction. (ECF 1, 3, 6.) Plaintiffs seek to stay an eviction.[1] (*Id.*) For the following reasons, the Court denies the order to show cause without prejudice. The Court will address the merits of the complaint in a subsequent order.

## BACKGROUND

      The following facts are drawn from Plaintiffs' submissions.[2] They reside at 901 Courtyard Plaza in Peekskill, New York. While Plaintiffs were in their apartment on an unspecified date, Mark accidentally shot himself in the leg with a gun. (ECF 1 at 10.) Mark alleges that Christina had no knowledge about the gun's existence prior to the accidental shooting. (*Id.*) After Christina took Mark to the hospital, the police arrested both of them for illegally possessing a weapon. (*Id.*) The criminal charges against Christina were dismissed and

---

[1] Only Mark signed the complaint and filed an application for leave to proceed *in forma pauperis* ("IFP"). (ECF 1, 2.) By order dated April 28, 2025, the Court directed Christina to file a signed signature page of the complaint and an IFP application. The Court grants Plaintiffs leave to proceed IFP solely for the purpose of this order.

[2] The Court quotes from the submissions verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

sealed. (*Id.* at 10-11, 14.) Mark was released on bail; the status of the charges against him is not made clear from the filings before the Court. (*Id.* at 10.)

After these events, Plaintiffs' landlord, Defendant Desmarie Griffin, moved to evict them. (*Id.* at 11.) Griffin initially said that Christina could remain in the apartment if Mark stayed away, but she apparently changed her mind and withdrew that offer. (*Id.*) It is not clear whether Griffin rescinded that option because Mark returned home after being released on bail rather than staying away.

Plaintiffs seek to stay the eviction, claiming that Christina is "elderly and sick" and on "a lot of meds." (ECF 6.)

## DISCUSSION

To obtain emergency injunctive relief, Plaintiffs must show: (1) that they are likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of their case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in their favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiffs' submissions do not contain allegations showing that the Court has subject matter jurisdiction of their claims. Additionally, the filings do not contain sufficient facts for the Court to assess the merits of their claim against Defendant, a private landlord. For these reasons, they have not demonstrated: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships

tipping decidedly in their favor. Accordingly, Plaintiffs' request for an order to show cause (ECF No. 3) is denied. The Court will issue an explanatory order at a later date.

## CONCLUSION

Plaintiffs' request for an order to show cause (ECF No. 3) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 30, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge