UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK BRENNEN; CHRISTINA BRENNEN,

Plaintiffs,

-against-

DESMARIE GRIFFIN,

Defendant.

25-CV-3464 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs Mark Brennan ("Mark") and Christina Brennan ("Christina"), proceeding *pro se,* filed a complaint, order to show cause, and supporting documents seeking to stay an eviction. (ECF 1, 3, 6.) By order dated November 18, 2025, the Court granted Plaintiffs leave to proceed *in forma pauperis* ("IFP"). For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

### BACKGROUND

The following facts are drawn from Plaintiffs' submissions.[1] Plaintiffs reside at 901

Courtyard Plaza in Peekskill, New York. While Plaintiffs were in their apartment on an

unspecified date, Mark accidentally shot himself in the leg with a gun. (ECF 1 at 10.) Plaintiffs

allege that Christina had no knowledge about the gun's existence prior to the accidental shooting.

(*Id.*) After Christina took Mark to the hospital, the police arrested both of them for illegally

possessing a weapon. (*Id.*) The criminal charges against Christina were dismissed and sealed.

---

[1] The Court quotes from the submissions verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

(*Id.* at 10-11, 14.) Mark was released on bail; the status of the charges against him is not made clear from the filings before the Court. (*Id.* at 10.)

After these events, Plaintiffs' landlord, Defendant Desmarie Griffin, moved to evict them. (*Id.* at 11.) Griffin initially said that Christina could remain in the apartment if Mark stayed away, but she apparently changed her mind and withdrew that offer. (*Id.*) Plaintiffs have submitted additional letters to the Court reiterating their request to stay the eviction based on Christina's health issues and the fact that she was unaware that Mark possessed a gun. (ECF 3, 6, 8, 10.) By order dated April 30, 2025, the Court denied the order to show cause, explaining that Plaintiffs' submissions did not contain allegations showing that the Court has subject matter jurisdiction of their claims. (ECF 9.)

## DISCUSSION

**A.      Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S.

574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.    Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's allegations against their private landlord do not appear to involve a federal law or cause of action or require resolution of a substantial question of federal law. Thus, inasmuch as Plaintiffs invoke the court's federal question jurisdiction, the Court dismisses their claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### 2.    Diversity of citizenship jurisdiction

To the extent the complaint could be construed as asserting claims under state law, Plaintiffs also do not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, plaintiffs must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted). The Court can dismiss a diversity action for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiffs' complaint does not contain specific allegations regarding their citizenship or the citizenship of Defendant, although they allege that all parties reside in New York. (ECF 1 at 2-3.) Thus, it does not appear that complete diversity of citizenship exists. Moreover, Plaintiffs do not provide facts showing that their claims exceed $75,000, the jurisdictional amount for diversity jurisdiction. It therefore does not appear that the Court has jurisdiction to consider any of Plaintiffs' claims under state law. To the extent that Plaintiffs assert claims under state law under the court's diversity of citizenship jurisdiction, the Court dismisses those claims for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.    Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court at this stage declines to exercise its supplemental jurisdiction of any state law claims Plaintiffs may be asserting. *See*

*Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))). If Plaintiffs file an amended complaint that states a federal claim, the Court could consider, under its supplemental jurisdiction, state law claims. Plaintiffs must, however, assert facts in support of such claims.

## LEAVE TO AMEND GRANTED

Plaintiffs proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiffs' *pro se* status, al the Court grants them 30 days' leave to amend their complaint to detail their claims.

If Plaintiffs do not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiffs' complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    November 26, 2025
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

7